————o•o•————

3g 527
89 283

## BROOKS *et al. v.* ELLIS.

Where C. had a claim upon public land and relinquished the same to B., upon condition that he should advance the purchase money, enter the land and deed half of it to C., on his refunding his portion of the entrance money; held that the conditions were mutual, the considerations sufficient, and that a trust was created which took the case from the statute of frauds.

IN EQUITY. *Appeal from Davis District Court.*

*Opinion by* GREENE, J. Edward Ellis filed a bill against James Brooks and R. Wilkerson to recover title to land which had been entered by Brooks in trust for Ellis. It seems that Ellis had a settler's claim on eighty acres of timber land, and entered into a contract with Brooks, by which it was stipulated that Brooks should enter forty acres of the claim in his own name, and subsequently deed half of it to Ellis, upon his paying the entrance money —$1.25 per acre—with ten per cent. interest. Brooks furnished the money accordingly, and entered the land. Ellis subsequently tendered his portion of the purchase money to Brooks, and demanded a deed, but the deed was refused.

These facts are distinctly avowed in the bill. Brooks' answer admits most of the bill, but denies that the claim of Ellis to the land was valid, and claims that the purchase money was to have been paid before it was tendered by Ellis. But the depositions sustain the bill in these particulars. The decree below was for complainant.

It is not necessary to detail the pleadings or evidence in order to understand the objections urged to the decree.

1. It is objected that the arrangement was without consideration, and void. The facts in the case show that Ellis had a legal claim upon the land. Such claims, under our statute, amount to a good consideration. Rev. Stat., 456, § 1 ; Ellis v. Mosier, 2 G. Greene, 247. Ellis relinquished his claim to Brooks, upon condition that B. should advance the purchase money, and enter the land, and deed half of it to Ellis on his refunding his portion of the entrance money. The conditions then were mutual; the consideration sufficient.

2. It is claimed that the case comes within the statute of frauds because the agreement was for an interest in lands and not in writing. Abstractly considered this objection appears well founded. But when we enter into the terms, connections and conditions of the agreement; when we consider that Brooks undertook, in contemplation of law to act as the trustee of Ellis; that Brooks' refusal to deed is so tainted with fraud as to justify a court in regarding him as trustee ; that there was a joint interest and a joint purchase; that Ellis was in possession, and that the consideration between the parties was good and valid; when all these circumstances are considered, no doubt can be entertained that the case is fully removed from the statute of frauds.

That the facts in this case sustain, at least, a resulting trust cannot, we think, be questioned. Elliot v. Armstrong, 2 Blackf., 198 ; Johnson v. Graves, ib 440 ; Boyd v. McLear, 1 John. Ch., 582; Doyle v. Sleper, 1 Dana., 536; McCoy v. Hughes, 1 G. Greene, 370.

A case of joint interest and purchase like the present, does not come within the statute of frauds. 3 Mason, 347; 3 Biff. 15, 506.

A party attempting a fraud in such a case should be regarded as a trustee. 1 Page, 147; 1 Cooke, 166. Nor is the statute applicable to any case of resulting trust. 1 J. J. Marshall, 403.

We conclude then that equity has been done in this case.

Decree affirmed.

*Wright* and *Knapp* for appellant.

